UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:　　　　　　　　　　　　　　　　　　　　　　　　　　CASE NO.

**CHARLES EDWARD LINCOLN, III**　　　　　　　　　　　　**16-12650**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION A
DEBTOR　　　　　　　　　　　　　　　　　　　　　　　　　CHAPTER 7

## REASONS FOR DECISION

On January 19, 2017, the Motion for Turnover[1] filed by Barbara Rivera-Fulton, Chapter 7 trustee ("Trustee") and the Objection[2] by debtor, Charles Edward Lincoln, III ("Debtor"), came before the Court. After hearing the arguments of counsel, the Court took the matter under advisement.

### I. Findings of Fact

Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on October 26, 2016 ("Petition Date"). His case was converted to Chapter 7 on December 12, 2016 ("Conversion Date"). On the Conversion Date, Debtor's Debtor-in-Possession bank account ("DIP Account") at Regions Bank ("Regions") had a balance of $6,008.00. Debtor is currently unemployed, and the funds in his DIP Account were given to him by Helen Soroya Carr. Regions has frozen the DIP Account pending further Order of this Court. Trustee seeks turnover of the funds held in the DIP Account pursuant to 11 U.S.C. § 542(a).

### II. Law and Analysis

When a debtor commences a bankruptcy case, an estate is created, and "all legal or equitable interests of the debtor in property as of the commencement of the case" become property of the

---

[1] P-55.

[2] P-59.

estate.[3] Section 542(a) provides that property of the estate held by another must be turned over to the trustee.

In both individual Chapter 11 and Chapter 13 proceedings, property acquired or earned by the debtor postpetition are property of the estate.[4] Section 1115(a)(1) states:

> (a) In a case in which the debtor is an individual, property of the estate includes, in addition to the property specified in section 541 -
>
>> (1) all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, 0r 13, whichever occurs first; ...

When a case is converted from Chapter 11 to Chapter 7, the petition date remains unchanged.[5] The question here is whether property of the estate postconversion from Chapter 11 to Chapter 7 includes property acquired or earned by the debtor postpetition. The Bankruptcy Code specifically addresses this issue as it relates to Chapter 13 cases that are converted to Chapter 7 but is silent on conversions from Chapter 11 to Chapter 7.[6]

In 1994, Congress added 11 U.S.C. § 348(f)(1)(A) which provides that when a Chapter 13 case is converted to Chapter 7 in good faith:

> [P]roperty of the estate in the converted case shall consist of property of the estate, *as of the date of the filing of the petition*, that remains in the possession of or is under the control of the debtor on the date of conversion.[7]

---

[3] 11 U.S.C. § 541(a)(1).

[4] 11 U.S.C. § 1115; 11 U.S.C. § 1306.

[5] 11 U.S.C. § 348(a).

[6] 11 U.S.C. § 348(f).

[7] *Id.* (emphasis added).

In *Harris v. Viegelahn*,[8] the Supreme Court interpreted section 348(f):

> A debtor's postpetition wages, including undisbursed funds in the hands of the trustee, ordinarily do not become part of the Chapter 7 estate created by conversion. Absent a bad-faith conversion, § 348(f), limits a converted Chapter 7 estate to property belonging to the debtor "as of the date" the original Chapter 13 petition was filed. Postpetition wages, by definition, do not fit that bill.[9]

The Supreme Court went on to find that postpetition wages being held by the Chapter 13 trustee at the time of conversion should be returned to the debtor.[10]

The Supreme Court has not addressed whether property of the estate, postconversion from Chapter 11 to Chapter 7, includes property acquired or earned by the debtor postpetition. However, in *Cantu v. Schmidt (In re Cantu)*,[11] the Fifth Circuit ruled that a cause of action that accrued in favor of an individual Chapter 11 debtor postpetition, but prior to conversion to Chapter 7, was property of the estate.

> A 2005 amendment to the Bankruptcy Code expanded the definition for individual chapter 11 debtors to encompass "all property of the kinds specified in section 541 that the debtor acquires after the commencement of the case but before the case is ... converted to a case under chapter 7." 11 U.S.C. § 1115(a)(1). Causes of action that belong to the debtor "at the case is commenced" or that are acquired after commencement but before conversion are therefore property belonging to the estate. *See Yaquinto, v. Segerstron (In re Segerstrom)*, 247 F.3d 218, 223-24 (5th Cir. 2001); *Torch Liquidating Trust v. Stockstill*, 561 F.3d 377 386 (5th Cir. 2009); 11 U.S.C. § 1115. But if a cause of action is acquired at or after the time of conversion, it belongs to the individual debtor.[12]

---

[8] *Harris v. Viegelahn*, 191 L.Ed.2d 783, 135 S.Ct. 1829, 1834 (2015).

[9] *Id.* at 1837.

[10] *Id.*

[11] *Cantu v. Schmidt (In re Cantu)*, 784 F.3d 253 (5th Cir. 2015).

[12] *Id.* at 257-58.

Section 1115(a)(1) provides that property specified in section 541 that is acquired by the debtor postpetition but preconversion is property of the estate. Section 541(a)(7) provides that property of the estate includes "[a]ny interest in property that the estate acquires after the commencement of the case."[13]

While Congress added 348(f)(1)(A) in 1994 to address conversion of Chapter 13 cases, it chose not to add a similar provision for individual Chapter 11 cases. The general rule of statutory interpretation is:

> Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.[14]

Although this presumption is rebuttable when "a contrary intention on the part the lawmakers is apparent,"[15] no such intent is apparent from the legislative history.

Debtor cites *Wu v. Markosian (In re Markosian)*[16] in support of his assertion that postpetition earnings are not estate property. In *Markosian*, the debtors filed a Chapter 7 petition, converted to Chapter 11, and then reconverted to Chapter 7. After the case was reconverted to Chapter 7, Mr. Markosian received a bonus from his employer for work performed while the case

---

[13] The example of section 547(a)(7) given in the Congressional Record Statements (Reform Act of 1978), which are in the Legislative History and Comment of 11 U.S.C. § 541, is a postpetition contract. 5 Collier on Bankruptcy, ¶ 541.16, n. 2 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.), provides that postpetition causes of action also fall under section 547(a)(7).

[14] *Wheeler v. Pilgrim's Pride Corp.,* 591 F.3d 355, 374 (5th Cir. 2009) (quoting *Rusello v. U.S.*, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) and *U.S. v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972)).

[15] *Springer v. Government of Philippine Islands*, 277 U.S. 189, 206, 48 S.Ct. 480, 484 (1928).

[16] *Wu v. Markosian (In re Markosian)*, 506 B.R. 273 (9th Cir. B.A.P. 2014).

was under Chapter 11. The Court began its analysis by looking to the definition of property of the estate in section 541. Under section 541(a)(6), the proceeds of an individual debtor's personal services performed postpetition are not property of the estate. However, pursuant to section 1115(a)(2), an individual Chapter 11 debtor's earnings from personal services performed postpetition are added to his estate. The Ninth Circuit then "converted" that property to what would be considered a Chapter 7 estate finding:

> [B]y operation of § 348(a), personal service income that came into Debtors' chapter 11 estate is recharacterized as property of the debtor under § 541(a)(6) when the case is converted to chapter 7. Accordingly, upon conversion, the bonus reverted to Debtors.[17]

The *Markosian* Court failed to adequately explain that section 348(f) specifically provides for just such a result in the case of conversion from Chapter 13 to 7 but does not allow this result when the conversion is from Chapter 11 to 7.

> Under this interpretation, § 348(a) has no independent effect despite the statute's plain language that makes it applicable to all case conversions, including those from chapter 11 to chapter 7.[18]

This Court disagrees with *Markosian*, finding persuasive *Rogers v. Freeman (In re Freeman)*,[19] which held:

> It could be argued that Congress' failure to apply Section 348(f) to Chapter 11 was not intentional, for at the time of the 1994 amendment, Chapter 11 did not have a provision similar to Section 1306, which brings into the estate post-petition service income of an individual debtor. However, Chapter 12 did contain such a provision, and Congress also neglected to apply Section 348(f) to Chapter 12 debtors. Section 348(f), by its plain language, only particularizes how estate property is to be

---

[17] *Id*. at 276.

[18] *Id.* at 277 (citing *Aluminum Co. of Am. v. Bonneville Power Admin.*, 903 F.3d 585, 590 (9th Cir. 1990).

[19] *Rogers v. Freeman (In re Freeman)*, 527 B.R. 780 (Bankr.N.D.Ga. 20215).

5

determined in cases converted from Chapter 13. Section 348(f) does not limit the broadened scope of Section 1207, and in 2005, when Congress added Section 1115 to Chapter 11, Congress did not amend Section 348. "Congress is presumed to know the content of existing, relevant law and ...[,]'" unlike the Ninth's Circuit's caution against "divin[ing] congressional intent from silence [,]" the Eleventh Circuit has counseled that "'where Congress knows how to say something but chooses not to, its silence is controlling.'"[20]

The U.S. Supreme Court has held that "[i]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another."[21] The majority of courts agree with this reasoning.[22]

The Court presumes that Congress knew that it was enacting section 348(f)(1)(A) to address conversion of Chapter 13 cases, and that it intentionally chose not to add a similar provision for individual Chapter 11 cases. Because Debtor acquired the funds in his DIP Account postpetition but preconversion, they are property of the estate.

**III. Conclusion**

For the reasons assigned above, the Motion for Turnover filed by Trustee is granted. A separate Order will be entered in accord with these reasons.

New Orleans, Louisiana, February 8, 2017.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

[20] *Id.* at 793-94.

[21] *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537, 114 S.Ct. 1757, 1761 (1994) (quoting *Chicago v. Environmental Defense Fund*, 511 U.S. 328, 338, 114 S.Ct. 1588, 1593 (1994)).

[22] *In re Gorniak*, 549 B.R. 721 (W.D.Wis. 2016); *Meier v. Katz (In re Meier)*, 550 B.R. 384 (N.D.Ill. 2016).; *In re Vilaro Colon,* 2016 WL 5819783 (Bankr.D.P.R. 2016); *In re Schichtel*, 556 B.R. 90 (Bankr.W.D.N.Y. 2016); *In re Hoyle,* 2013 WL 3294273 (Bankr.D.Idaho 2013).