UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS

| | | |
|---|---|---|
| In re: | § | Case No.: 16-12650 |
| | § | |
| Charles Edward Lincoln III | § | Section: "A" |
| | § | |
| Debtor. | § | Chapter 7 |

## OBJECTIONS in RESPONSE and Ex-Parte MOTION for CONTINUANCE of 09-25 Hearing on Motion for Relief from the Automatic Stay, to permit Discovery and for Leave to File Adversary Action and/or 2004 Examination of Claimant

## OBJECTIONS to FT171, LLC, AFFIDAVIT & CLAIM

(1)    FT171, LLC only filed this Motion for Relief from stay AFTER filing

suit against me, and specifically, after I was served with process on June 30,

2018, here at my home in New Orleans, Louisiana, and after I had already

removed to U.S. District Court in New Jersey on July 17, 2018, (see Exhibit

A) and written a letter to counsel for FT171, LLC, asking them whether they

were not already in violation/contempt of the automatic stay (See Exhibit B).

(2)    Affiant Angele K. Viale's affidavit (Exhibit C) does NOT aver

"personal knowledge" nor any basis for personal knowledge of the

underlying transactions or truth of the allegations to which she swears, and

her assertion of that she has reviewed the business records, and therefore "is

knowledgeable about Debtor's account and…. Authorized to execute this

*OBJECTIONS in Response to Motion for Relief from the Automatic Stay and*    1
*Ex-Parte MOTION FOR CONTINUANCE of 9-25 hearing to Permit Discovery*
*and for Leave to File Adversary Action against FT171, LLC*

affidavit" does not provide competent evidence that Angela K. Viale is a competent witness.

(3) Prior to filing bankruptcy in this case on October 26, 2016, I was fighting with another "claimant" (DB 50 2011-1) over the property at 221 Squan Beach Drive in Mantoloking, Brick Township, New Jersey 08738.

(4) The resignation of my attorney Graig P. Corveleyn and my feeling of inability to go to trial "pro se" in New Jersey was one of the reasons for my filing bankruptcy when I did (Exhibit D: Declarations of G. P. Corveleyn).

(5) I had originally intended to try to remove that case to Federal Court as soon as my Chapter 11 was underway, but the Court converted the case to Chapter 7 and obliterated that option on December 20-22, 2016.

(6) Circumstantial evidence shows that the DB 50 2011-1 Trust was not a legitimate claimant, that the DB 50 2011-1 Trust lacked standing under New Jersey state law and procedure, which is tilted in favor of pre-trial default and obliterating the question of standing after such default, and that, accordingly the DB 50 2011-1 Trust cannot transfer its interest to FT171, LLC, and cannot prove its standing to collect the debt alleged.

## DISCOVERY FRAUD TOLERATED IN NEW JERSEY COURTS?

(7) The strongest circumstantial evidence was the conduct of the former attorney for DB 50 2011-1, Ms. Barbara A. Fein.

*OBJECTIONS in Response to Motion for Relief from the Automatic Stay and*   2
*Ex-Parte MOTION FOR CONTINUANCE of 9-25 hearing to Permit Discovery*
*and for Leave to File Adversary Action against FT171, LLC*

(8) My former attorney, Mr. Corveleyn, served a competent series of interrogatories, admissions, and requests for production on Barbara A. Fein on or about April 28, 2016 (See Exhibit D).

(9) Barbara A. Fein never responded to these discovery requests but represented to the New Jersey Superior Court in Ocean County that she did respond, while never, ever, producing any answers.

(10) I filed my Motion for Summary Judgment against DB 50 2011-1 on the grounds of deemed admissions, as allowed by New Jersey law, but the Ocean County Superior Court denied that motion based on Barbara A. Fein's naked assertion that she had responded, albeit without answers (I attach my Motion for Summary Judgment as Exhibit E), stating that Ms. Fein's naked denial created a "genuine issue of material fact" for trial!

(11) I submit that the former attorney for DB 50 2011-1, Ms. Barbara A. Fein, Esq., committed discovery fraud by asserting that she had responded to Mr. Corveleyn's Discovery Requests when she had not.

(12) Ms. Fein also attempted to commit a second but related fraud on the court when she alleged to the Court that I was in default (See Exhibit D).

## **PROPOSED DISCOVERY TO FT171, LLC (Exhibit F)**

(13) I have reformatted discovery requests submitted in April 2016 to be served on FT171, LLC, and attach them here as Exhibit F.

*OBJECTIONS in Response to Motion for Relief from the Automatic Stay and*    3
*Ex-Parte MOTION FOR CONTINUANCE of 9-25 hearing to Permit Discovery*
*and for Leave to File Adversary Action against FT171, LLC*

(14)  FT171, LLC, depends for its standing on the validity of the DB 50 2011-1 Trust's claim.

(15)  I move and request that this Court CONTINUE the hearing set for Tuesday, September 25, 2018, at 2:00 p.m. on FT171, LLC's Motion for Relief from Stay and allow me to file either an adversary action or a Motion pursuant to Rule 2004 to be answered prior to any hearing by FT171, LLC.

(16)  I would point out that I offered on August 19, 2018, go agree to stipulate to lifting the stay in this case to avoid having to have a hearing before the Court (but again, opposing counsel for FT171, LLC have failed or refused to respond to any of my communications (See Exhibit G).

(17)  On August 21, 2018, I filed a second, parallel, Petition for Bankruptcy, adding new debts and assets not included in the present case, a completely "new estate"---including the new complaint filed against me on June 30, 2018, by the FT171, LLC, (18-26726-MBK, DNJ).

(18)  I assume that the automatic stay in that case is in full force and effect since my present bankruptcy has not been dismissed in the past two years.

(19)  Thus, there is and will be no possible harm or injury or any kind of unwarranted delay to the claimant "creditor" FT171, LLC, if this Court sustains my present objections to the Motion for Relief from stay filed by "creditor" FT171, LLC, and grants my Motion for Continuance to permit

*OBJECTIONS in Response to Motion for Relief from the Automatic Stay and*  4
*Ex-Parte MOTION FOR CONTINUANCE of 9-25 hearing to Permit Discovery*
*and for Leave to File Adversary Action against FT171, LLC*

discovery either in the context of an adversary action or within the confines

of a Rule 2004 Examination of the Creditor FT171, LLC, along the lines of

the discovery outlined in Exhibit F.

(20)   I would also like to point out to the Court that settlement negotiations

are underway with FT171, LLC, to sell the subject property in New Jersey,

See Exhibits H, I, and J.

## **CERTIFICATE OF CONFERENCE**

(21)   Prior to Filing this Ex-Parte Motion, as required by Local Rule 9014-1

A of the U.S. Bankruptcy Court, Eastern District of Louisiana, I attempted

to confer by e-mail and telephone with Cris Jackson of Jackson-McPherson

and Tabitha Mangano of the same firm by telephone.

(22)   I have received no acknowledgments or responses to my contacts.

## **PRAYER FOR RELIEF**

(23)   Wherefore and accordingly, I ask, move, and pray that this Court will

take note of and allow my OBJECTIONS in RESPONSE to Motion for

Relief from the Automatic Stay,

(24)   I further ask, move, and pray that this Court will grant my Ex-Parte

Motion for a Continuance of hearing date of not less than 60 days after

September 25, 2018 to permit me, the debtor, to challenge FT171, LLC's,

standing to file this Motion as well as the Complaint filed in New Jersey by

*OBJECTIONS in Response to Motion for Relief from the Automatic Stay and*   5
*Ex-Parte MOTION FOR CONTINUANCE of 9-25 hearing to Permit Discovery*
*and for Leave to File Adversary Action against FT171, LLC*

filing an adversary action or Motion for Rule 2004 Examination, and to

serve the discovery requests attached here as **Exhibit F.**

(25)    I finally ask, move, and pray that this Court will order FT171, LLC,'s

motion for relief from the automatic stay abated and continued until such

time as FT 171, LLC, has fully and fairly produced all documents,

responded to all requests for admission, and answered all interrogatories

propounded in my attached discovery, addressing both the original Plaintiff

against me DB 50 2011-1 Trust and FT171, LLC, attached as **Exhibit F** to

these Objection in Response to Motion for Relief from the Automatic Stay

and Motion for Continuance of 9-25 hearing to Permit Discovery for for

Leave to File an Adversary Action against FT171, LLC.

(26)    Remembering that on this day in 1787, the United States Constitution

was signed in Philadelphia, Pennsylvania, I have

Respectfully submitted this Motion,

Monday
CONSTITUTION DAY
17 September 2018

By:
Charles Edward Lincoln III, Debtor
***Pro se/In Propria Persona***
224 Walnut Street
New Orleans, Louisiana 70118
Telephone: (504) 777-5021
E-mail: charles.e.lincoln@gmail.com

*OBJECTIONS in Response to Motion for Relief from the Automatic Stay and*    6
*Ex-Parte MOTION FOR CONTINUANCE of 9-25 hearing to Permit Discovery*
*and for Leave to File Adversary Action against FT171, LLC*

# Exhibit A:

FT171, LLC's
New Complaint Filed in New Jersey
Served in New Orleans on
June 30, 2018

*OBJECTIONS in Response to Motion for Relief from the Automatic Stay and*   7
*MOTION FOR CONTINUANCE of 9-25 hearing to Permit Discovery and for*
*Leave to File Adversary Action against FT171, LLC*

Prepared for: Charles Lincoln

**71, LLC v. MASTORIS et al, Docket No. 3:18-cv-11767 (D.N.J. Jul 18, 2018), Court Docket** ☆ Favorite

**U.S. District Court**
**District of New Jersey [LIVE] (Trenton)**
**CIVIL DOCKET FOR CASE #: 3:18-cv-11767-MAS-LHG**

**FT171, LLC v. MASTORIS et al**

| | |
|---|---|
| e Filed: | July 18, 2018 |
| ure of suit: | 220 Real Property: Foreclosure |
| e in other court: | Judge Michael A. Shipp |
| | SUPERIOR COURT OF NEW JERSEY, OCEAN COUNTY, SWC-F8645-18 |
| se: | 28:1441 Notice of Removal |
| sdiction: | Federal Question |
| demand: | None |
| erred to: | Magistrate Judge Lois H. Goodman |

**Docket Currency**

Last Updated on Bloomberg Law
**Jul. 18, 2018** 3:00 PM EDT
**Update Docket**

**What does this mean?**

**Date Filed**
Jul. 18, 2018

**General Information**

**Docket Number**
3:18-cv-11767

**Court**
United States District Court for the
District of New Jersey

**ties and Attorneys**                    Hide Section    Expand All

| Plaintiff | **FT171, LLC** |
|---|---|
| Defendant | **MICHAEL N. MASTORIS** |
| Defendant | **CHARLES EDWARD LINCOLN, III** |
| Defendant | **ANKITA JAVIA** |
| Defendant | **WELLS FARGO BANK, N.A.** |
| Defendant | **KLATZKIN AND COMPANY LLP** |
| Defendant | **STATE OF NEW JERSEY** |
| Defendant | **RREF II IB ACQUISITIONS, LLC** |

**:ket Entries**                         Hide Section    Reverse Entries

| eywords | *Enter your keywords* |
|---|---|
| ntry Date | Any date ▼ |

Clear All    Filter Entries

ers shown are court assigned numbers.

| try # | Filing Date | PDF | Description |
|---|---|---|---|
| 1 | July 17, 2018 | **Request** | NOTICE OF REMOVAL by CHARLES EDWARD LINCOLN, III from SUPERIOR COURT OF NEW JERSEY, OCEAN COUNTY, case number SWC-F8645-18. ( Filing and Admin fee $ 400 receipt number TRE093612), filed by CHARLES EDWARD LINCOLN, III. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Letter, # 4 Civil Cover Sheet, # 5 Envelope)(jem) (Entered: 07/18/2018) |
| 2 | July 18, 2018 | **Request** | Clerk's Letter: Attorney CATHERINE APONTE is not admitted to the Federal Bar of New Jersey. Notice has been mailed to the attorney's address. (JeM) (Entered: 07/18/2018) |

## Complaints and Other Initiating Documents

3:18-cv-11767-MAS-LHG FT171, LLC v. MASTORIS et al

### U.S. District Court

### District of New Jersey [LIVE]

**Notice of Electronic Filing**

The following transaction was entered on 7/18/2018 at 2:53 PM EDT and filed on 7/17/2018

| | |
|---|---|
| **Case Name:** | FT171, LLC v. MASTORIS et al |
| **Case Number:** | 3:18-cv-11767-MAS-LHG |
| **Filer:** | CHARLES EDWARD LINCOLN, III |
| **Document Number:** 1 | |

**Docket Text:**
**NOTICE OF REMOVAL by CHARLES EDWARD LINCOLN, III from SUPERIOR COURT OF NEW JERSEY, OCEAN COUNTY, case number SWC-F8645-18. ( Filing and Admin fee $ 400 receipt number TRE093612), filed by CHARLES EDWARD LINCOLN, III. (Attachments: # (1) Exhibit A, # (2) Exhibit B, # (3) Letter, # (4) Civil Cover Sheet, # (5) Envelope)(jem)**

**3:18-cv-11767-MAS-LHG Notice has been electronically mailed to:**

**3:18-cv-11767-MAS-LHG Notice has been sent by regular U.S. Mail:**

FT171, LLC

CHARLES EDWARD LINCOLN, III
224 WALNUT STREET
NEW ORLEANS, LA 70118

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=7/18/2018] [FileNumber=11554350-
0] [3a65f36f67296ab317ef14c2a58067ef7e0093df0afd76e37471f8e31c0348b5dd
fc02b4df5a51469cd9a273e05562d6d57c6ed72c8272add68b42f27244819f]]
**Document description:** Exhibit A
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=7/18/2018] [FileNumber=11554350-
1] [8a1e5228441bfd46f9994753a37b76fa3ba28add0efc8f4b190eaa4b992bb621e2
e771ff47c7853c6a9fac50fe74dd3eb142afe71f1cffe7a016f9419e0ef01d]]

**Document description:**Exhibit B
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=7/18/2018] [FileNumber=11554350-2] [1c06fee0056cfcf4bd7a360333b966783fd4c122cd23e7838e336f5184baf8020b 22abdd38dab7c43172da1d5c0a63864b6b23b067dc78b5d3e31970206dc13e]]

**Document description:** Letter
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=7/18/2018] [FileNumber=11554350-3] [32a65843a764e1518ae4c7fc6b5543f239e347ce36e71f0358e0ff80b757d7e850 9a98f6a2c97814345bc9708e53af0c4043a2640071130b9d465cab37c19ae4]]

**Document description:**Civil Cover Sheet
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=7/18/2018] [FileNumber=11554350-4] [1c8971a7ba71110b9b85a720195a2544a8a9f54642031d5030e3d6dfdcaff1f9d1 96de49aa9ac6cc96325eb4bae81721b77d92c0ca550c7aab5becdec5159b35]]

**Document description:** Envelope
**Original filename:CMECF.widgit.ProcessingWindowDestroy() >n/a**
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=7/18/2018] [FileNumber=11554350-5] [67ae9f8a71d0aa4d863d8005132a4971a3f9fd9ebad99ae0344d3db819042df250 b77dada0fef87ee725eaad54852a49194cc8be3d5dc04d729570fd80600229]]

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

FT171, LLC

**(b)** County of Residence of First Listed Plaintiff  New Castle, Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Catherine Aponte, Esq., and Adam J. Friedman, Esq., Friedman Vartolo
LLP, 85 Broad Street, Suite 501, New York, New York 10004
P: (212) 471-5100, F: (212) 471-5150

## DEFENDANTS

Michael N. Mastoris, Charles Edward Lincoln, III, Ankita Javia, Wells
Fargo Bank, N.A., Klatzkin and Company, LLP, State of New Jersey,
RREF II IB Acquisitions, LLC          Monmouth, New Jersey
County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

R E C E I V E D
JUL 17 2018
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

Attorneys *(If Known)*
Charles Edward Lincoln, III, pro se
224 Walnut Street, New Orleans, Louisiana (504)777-5021

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Sections 1443(1) and 1452
Brief description of cause:
Residential Foreclosure Removed on account of Bankruptcy (1452) and Civil Rights Removal

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*   JUDGE  No related pending cases   DOCKET NUMBER

DATE
July 14, 2018

SIGNATURE OF ATTORNEY OF RECORD
Charles Edward Lincoln, III, pro se

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT  _____  APPLYING IFP  _____  JUDGE  _____  MAG. JUDGE  _____

**Charles Edward Lincoln, III,** *Pro Se*
**Defendant,** *in Propria Persona*
**224 Walnut Street**
**New Orleans, Louisiana 70118**
**Telephone: (504) 777-5021**
**E-mail: charles.e.lincoln@gmail.com**



**R E C E I V E D**

**JUL 17 2018**

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | |
|---|---|
| **FT171, LLC,** | **CIVIL ACTION NUMBER:** |
| **Plaintiff,** | |
| **v.** | |
| **Michael N. Mastoris,** | **Removed from** |
| **Charles Edward Lincoln, III,** *et al.,* | **New Jersey Superior Court** |
| | **Chancery Division** |
| **Defendants.** | **Ocean County** |
| | **Docket No. SWC-F-008645-18** |

### NOTICE OF REMOVAL

1.     Pursuant to 28 U.S.C. §§1443(1) and 1447(d), and, in addition and in the alternative, pursuant bankruptcy removal under 28 U.S.C. §§1334 and 1452, I, the undersigned Defendant Charles Edward Lincoln III, hereby remove this above-entitled-and-numbered case from the Superior (Chancery) Court of Ocean County, New Jersey, to this U.S. District Court for the District of New Jersey.

2.     Plaintiff FT171, LLC, has filed suit for foreclosure regarding one residential property, namely my (Defendant Charles Edward Lincoln, III's) home at 221 Squan Beach Drive on Curtis Point in Mantoloking, in the Township of Brick,

Ocean County, New Jersey, falsely alleging that said property was abandoned in support of a "summary proceeding."

3.     This removal is noticed timely, within 30 days of service, in that I was served on or about 8:10 pm, Saturday evening, June 30, 2018, by hand delivery of a summons and complaint at my home address in New Orleans.

4.     As required by 28 U.S.C. §1446(a), I attach a true and correct copy of the Plaintiff FT171's Complaint, filed 04/25/2018, as Exhibit A to this Notice of Removal. Exhibit B is the Order to Show Cause filed June 13, 2018, both of which were served simultaneously on Saturday, June 30, 2018.

5.     I will supplement this filing within 30 days by filing copies of all other process, pleadings, and orders served upon me defendant in this action.

6.     Although, as noted, I was served at my home in New Orleans, I am filing this Notice of Removal from Ocklawaha, in Marion County, Florida, and simply did not bring all the paperwork with which I was served with me.

### OCEAN COUNTY SUPERIOR COURT & U.S. BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF LOUISIANA: PREVIOUS CASES FILED, Automatic Stay Never Lifted

7.     The case presently removed, SWC-F-008645-18, is the direct "descendent" or replacement of and for a previous Ocean County Case F-003313-15, which was filed in the name of DB50 2011-1 Trust, a copy of which, along with its 50 defendants, was attached as an exhibit to the complaint with which I was served on Saturday June 30, 2018 in New Orleans (see paragraph 3).

8.     In the present (2018) foreclosure action, Plaintiff FT171, LLC, has named 7 defendants, including me (Charles Edward Lincoln III), Michael N. Mastoris,

Ankita Javia, Wells Fargo Bank, N.A.; Klatzkin & Company LLP, the State of New Jersey, and RREF III IB Acquisitions, LLC: a subset of the 50 named in 2015.

9. Plaintiff FT171, LLC, appears to be a Delaware entity with a registered (corporate, professional) agent in Wilmington, Delaware, much like the DB50 2011-1 Trust, with no ascertainable officers or place of business.

10. FT171, LLC, has filed present action separately, apparently, probably, to avoid and evade the automatic stay to which DB50 2011-1 Trust was and remains subject, but the subject matter is related to the previous (DB50 2011-1 Trust) foreclosure action filed in 2015 concerning the same property covered in my 2016 bankruptcy.

11. Since the automatic stay was never lifted in my New Orleans (Eastern District of Louisiana) bankruptcy case 16-12650, nor was any motion for relief from stay ever filed, the mere filing of Plaintiff FT171's present complaint for foreclosure constitutes a contempt of stay and is actionable as such either in the United States District Court or U.S. Bankruptcy Court for the Eastern District of Louisiana, New Orleans Division.

12. As an aside, also relating to Bankruptcy Issues, Debtor Michael N. Mastoris, however, may be improperly joined, as he has no further right, title or interest in the subject property at 221 Squan Beach Drive in Mantoloking, as Judge Katherine C. Ferguson of the U.S. Bankruptcy Court for the District of New Jersey, Trenton Vicinage, found and held in September 2014 in an adversary proceeding under Bankruptcy Petition #: 14-11314-KCF filed in the U.S. Bankruptcy Court for the District of New Jersey, Trenton Vicinage).

*Notice of Removal, FT171, LLC, v. Mastoris, Lincoln, et al.*    **3**

### JULY 2018 NOTICE OF REMOVAL: "Bankruptcy Related"

13.    I, the undersigned Charles Edward Lincoln III, am a debtor in a bankruptcy pending in New Orleans in the United States Bankruptcy Court for the Eastern District of Louisiana, in the State of Louisiana, namely: Case 16-12650-EWM, filed on or about October 26, 2016.

14.    My bankruptcy case 16-12650-EWM remains active and open as of the date of removal. Accordingly, under 28 U.S.C. §§1334 and 1452, and Rule 9027(a) of the Federal Rules of Bankruptcy Procedure, this case is removable to the United States District Court for the District of New Jersey, with the possibility of transferring this case to the Eastern District of Louisiana in New Orleans.

### "ANY PERSON WHO IS DENIED OR CANNOT ENFORCE A RIGHT UNDER ANY LAW PROVIDING FOR THE EQUAL CIVIL RIGHTS OF CITIZENS" JULY 2018 CIVIL RIGHTS REMOVAL: 28 U.S.C. §1443

15.    I, the undersigned Defendant Charles Edward Lincoln III, submit that New Jersey Residential Foreclosure Proceedings, as implemented and applied in the New Jersey Courts at least since *US Bank National Association v. Guillaume,* 38 A.3d 570, 209 N.J. 449 (27 February 2012), one of those rare circumstances where in

> all situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Greenwood v. Peacock,* 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), *citing State of Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); citing *Strauder v. State of West Virginia*, 100 U.S. 303, 25 L.Ed. 664 (1879).

*Notice of Removal, FT171, LLC, v. Mastoris, Lincoln, et al.*          **4**

16.     Quite simply, under the New Jersey Supreme Court's decision in *Guillaume*, defendants have no right under state law (as judicially construed and [seemingly] uniformly applied by all courts of competent jurisdiction in that state) to present evidence, in state court, on an issue (namely the question of standing, as holder) which will be judged as an evidentiary matter.

17.     According to *Guillaume*, Foreclosure Defendants in New Jersey have no right to due process of law, and their federally secured rights to due process of law and meaningful access to present evidence to the court have in fact been denied by the mere fact of bringing a foreclosure case against them in the New Jersey Superior Court system, Chancery Division.

### THE NEW JERSEY STATUTORY SCHEME OF FORECLOSURE CREATES AT LEAST TWO UNEQUAL CLASSES

18.     I, the undersigned Defendant Charles Edward Lincoln, III, herein allege that New Jersey state law directly collides with Federal law in such a way as to create two groups with radically disparate and unequal rights under the law: banks and private homeowners, and that the laws of the State of New Jersey so construed pose such a drastic threat to the rights of discrete and insular minorities as to require Federal Intervention analogous to and directly comparable with Federal Intervention in racial civil rights issues both in the 1860s-70s and the 1950s-70s.

19.     I accordingly ask and move, within the meaning of Rule 11(b)(2) of the Federal Rules of Civil Procedure, that this United States District Court approve their good faith contentions, "warranted by [at least the more recent lines of U.S.

*Notice of Removal, FT171, LLC, v. Mastoris, Lincoln, et al.*          **5**

Supreme Court precedent construing] existing law [and/] or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law," that Civil Rights Removal under 28 U.S.C. §1443 should be extended to "all situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *State of Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); *Strauder v. State of West Virginia*, 100 U.S. 303, 25 L.Ed. 664 (1879).

20.    New Jersey state law, as construed by the New Jersey Supreme Court in the New Jersey Supreme Court's decision in *U.S. Bank, National Association, v. Guillaume*, 209, N.J. 449 (Supreme Court of New Jersey, 2012), allows implementation and "operation of a pervasive and explicit state law" that does not require proof of "injury in fact" or "standing" to bring suit, at least in the context of an "equitable action" for foreclosure of mortgage.

21.    Article III standing is an issue which arises often on the "cutting edge" of new forms of litigation, such as citizen environmental lawsuits. In such suits, the Supreme Court has defined "the irreducible minimum of standing" to mean that:

> First, the plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, ... and (b) actual or imminent, not conjectural or hypothetical.... Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

*Notice of Removal, FT171, LLC, v. Mastoris, Lincoln, et al.*                    **6**

22.    I, the undersigned Defendant Charles Edward Lincoln, III, submit and contend that, under the Fourteenth Amendment, due process of law requires that any suit (such as a mortgage foreclosure suit) seeking to deprive any person of life, liberty, or property must be brought by an injured party with what has come to be referred to as "Article III Standing" in the Federal Courts.

23.    The Third Circuit has recently addressed possible constitutional differences between state vs. federal standing in ***Good v. City of Philadelphia***, 539 F.3d 311, see esp. 318-322, (USCA 3rd Cir., 2008) without deciding whether the Fourteenth Amendment imposes a jurisdictional floor, but I submit that the U.S. Constitution does.

24.    Defendant submits that the New Jersey Supreme Court in ***Guillaume*** has done nothing short of authorizing judicial theft of real estate by allowing suits for the seizure of without requiring proof or even evidence of standing. Defendant alleges that now, in New Jersey, there are two classes of citizens in regard to real estate ownership---thieves (called "Bankers" or "Mortgagees") and victims (called "Homeowners" or "Mortgagors"), and only the thieves are protected by law.

25.    I further contend that in such suits as to deprive individuals of life, liberty, and property, the strictest standards of actual notice must be applied, and that only indirect or inferential notice is insufficient.

26.    New Jersey customary practice in foreclosure litigation appears to be to allow defaults to be taken without service of process, or with fraudulently asserted service of process.

27.    This leaves all "due process" rights of homeowners to post-judgment "Motions to Set Aside Foreclosure" under New Jersey Rule 4:50-1 right to actual notice and meaningful opportunity to object and respond constitute the

*Notice of Removal, FT171, LLC, v. Mastoris, Lincoln, et al.*    **7**

fundamental, federally guaranteed, constitutional rights essential to the concept of constitutional (procedural) due process.

### DENIAL OF EQUAL PROTECTION:
### STANDING TO SUE IS NOT JURISDICTIONAL IN N.J.?

28.     As noted at the outset, the New Jersey Supreme Court's decision in *U.S. Bank, National Association, v. Guillaume*, 209, N.J. 449 (Supreme Court of New Jersey, 2012), appears to have held that a state can disregard one of the most important constitutional concepts in all of American jurisprudence, namely the concept of legal standing.

29.     If, as *Guillaume* holds, standing is not "jurisdictional" in the New Jersey Court system, I remove in part to counterclaim for declaratory judgment regarding these questions: (a) would be a jurisdictional bar to suit, (b) what IS "standing" in the New Jersey Court system, and (c) what would be an example of a "lawsuit over which the court has no jurisdiction"?

30.     Standing is, after all a determination of injury-in-fact, as the basis for claiming that one party might be liable to another.

31.     To hold that standing to sue is not a pre-requisite to sue, as the New Jersey Supreme Court seems to have done in *Guillaume*, is basically to say that "anyone can file a lawsuit in New Jersey and the Courts can hear that lawsuit, without first requiring a determination that the Plaintiff has any right to sue, or any rights to sue about, whatsoever."

32.     Standing is the substantive due process notion of what a party must do in order to "open the doors of the courthouse", i.e. to have the legal right to bring a legal action through our judicial system.

33.     There is nothing more fundamental to distinguishing between "sound" and "frivolous" lawsuits, unless we are to abolish that concept all together.

34. Without the protective concept of standing, anyone could sue anyone at any time, and this would either ultimately cause legal anarchy or, perhaps to your advantage, an extremely rapid enrichment of the bar.

35. It also leads to the somewhat anomalous and semantically awkward construction of New Jersey's position on standing as this: "having the right to sue someone is not really required before a plaintiff may file suit against a defendant in New Jersey, because standing (injury-in-fact) is not jurisdictional."

36. This would seem to be no mere quibble of law, but an absolutely fundamental question concerning the doctrine of due process, guaranteed by the United States Constitution to all the people of all states, including New Jersey.

### CIVIL RIGHTS REMOVAL:
### A GOOD FAITH CONTENTION to Reverse Prior Law and to Modify or Extend the JUDICIAL CONSTRUCTION and/or to make new law regarding the application of 28 U.S.C. §1443

37. There are several civil rights crises relating to the application of state and federal law in the United States of America, which converge on the transactions and occurrences, the state statutory schemes and policies, giving rise to this present complaint.

38. First, white Caucasians, in particular white men, are, as a matter of consistent custom, practice, and policy, consistently denied the equal protection of the law.

39. Second, the law of real estate finance and the treatment of securitized negotiable instruments has been so heavily skewed by political favoritism in favor of creditors and entities purporting to be or represent creditors that the homeowners do not have equal rights to contract, especially to make and enforce contracts for the acquisition or maintenance of interests in property, or to offer and present evidence in court.

*Notice of Removal, FT171, LLC, v. Mastoris, Lincoln, et al.*     **9**

40.    I am a white male homeowner and defendant in a foreclosure action. I believe and submit to this court that I am part of a discrete and insular and increasingly politically powerless minority.

41.    And for these reasons, I seek the protection of the federal court system under the Fourth, Fifth, Seventh, Ninth, Tenth and Fourteenth Amendments to the Constitution of the United States.

42.    As expressly allowed and authorized by Rule 11(b)(2), I, the undersigned Defendant Charles Edward Lincoln, III, contend, and hereby ask this Court to entertain my plea as a Counterclaim for Declaratory Judgment (as soon an answer can be filed) that civil rights removal must be reinterpreted, its current judicially crafted role as nothing more than an anti-white, anti-majoritarian, race-based affirmative action program abolished (because there is no compelling governmental interest involved in the establishment of such a narrow program), and a true system of equality before the law enforced for homeowners and all races of citizens within this country.

43.    Civil Rights Removal must be modified and extended, and prior law reversed, so that the broad language of the actual statute can be given full meaning, and construed to allow Federal Court review of any systematic, state law approved and implemented, mass deprivation of fundamental constitutional rights, such as is evidently happening right now in the State of New Jersey, as a direct and proximate result of the judicial application and construction of the statutory scheme setting up judicial foreclosure of residential homes in this state.

44.    28 U.S.C. §1443 states, in full:

28 U.S.C.A. § 1443
§ 1443. Civil rights cases
Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division

*Notice of Removal, FT171, LLC, v. Mastoris, Lincoln, et al.*                    **10**

embracing the place wherein it is pending:

**(1)** Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

**(2)** For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.
(June 25, 1948, c. 646, 62 Stat. 938)

45. This statute, on its face, makes no reference to race, color, creed, national origin, sex, or any other categorical limitation.

46. Congress enacted 28 U.S.C. §1443(1) to protect "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."

47. 28 U.S.C. §1443(2) apparently, facially, permits invocation of the protection of Federal Courts when a defendant is prosecuted or sued, "For any act under color of authority derived from any law providing for equal rights."

48. The Civil Rights removal statute thus appears to have been formulated as part of the system of "checks and balances" between state and federal power to ensure the protection of all fundamental rights enumerated and protected by implication under the Constitution of the United States.

## CIVIL RIGHTS REMOVAL IS UNIQUE IN THE JUDICIAL CODE OF THE UNITED STATES

49. Unlike almost every other provision permitting removal, an order granting a Motion to Remand to State Court is appealable, *as of right*; 28 U.S.C. §1447(d).

50. The Third Circuit has affirmed that the civil rights removal statute constitutes a narrow exception to the rule that state court action may be removed to federal district court only if federal jurisdiction is evident on face of plaintiff's well-pleaded complaint. ***Davis v. Glanton,*** 107 F.3d 1044 (3rd Cir., 3/3/1997).

*Notice of Removal, FT171, LLC, v. Mastoris, Lincoln, et al.* **11**

51.    A comparison of §1443 to the other sections permitting removal in the Judicial Code of the United States demonstrates the breadth of its scope, as enacted by Congress. Thus, unlike §1441(a), which embraces only *civil* actions, removal under §1443 includes both *civil* and *criminal* actions.

52.    Unlike §1442a, which stipulates that the Notice of Removal must be filed "before the trial or final hearing" in the case, §1443, by its demonstrable text, places no limitation on the stage of the proceeding at which point the right of removal must be exercised, or it is waived.

53.    In short, as one Circuit Court of Appeals observed in *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989), the Civil Rights Removal Statute *"is specifically designed to extricate protected persons from state civil and criminal prosecution and provide instead a federal forum."*

54.    Very clearly, Congress intended that *"where a state proceeding…is initiated in order to harass or intimidate a defendant for exercising his civil rights…"* such a person should be able to claim the safe harbor of a Federal Court. Harold S. Lewis, Jr. & Elizabeth J. Norman, *Civil Rights Law and Practice* (2nd ed. 2001), §5.50; p 467.

55.    In spite of this very broad language, and reasonable constitutional purpose (as an incident of the maintenance of the Supremacy of the United States Constitution of 1787, especially as amended in 1791 by the Bill of Rights) the United States Courts have unfairly and unreasonably (Defendants would contend unconstitutionally restricted the scope of 28 U.S.C. §1443 to protect ONLY race-based discrimination enacted as a matter of state law, including expressly race-based customs, practices, and policies having the force or effect of law.

56.    In so doing, the Federal Courts have, whether intentionally or unintentionally, and Defendants here contend unconstitutionally, transformed

the Civil Rights Removal Statute from its apparent and originally intended purpose as a sword against into a shield to protect Official State laws and policies which violate or infringe upon "Footnote 4" enumerated rights (see, e.g. ***United States v. Carolene Products, Inc.***, 304 U.S. 144, 153, n. 4, 58 S.Ct. 778, 82 L.Ed. 1234 (1938).

57.     The initial premise in the judicial construction of Civil Rights Removal appears reasonable enough:   Removal will be appropriate in the present case, pursuant to 28 U.S.C. §§1443(a) & 1447(d) only if Defendants can in good faith allege, as I do herein throughout this Notice of Civil Rights Removal pursuant to 28 U.S.C. §1443(1), that the procedural and substantive safeguards of New Jersey law relating to Vacating Judgments of Foreclosure obtained by Default, have such slight and nugatory effect, either on their face or as applied, that the relevant New Jersey law, as stated above, constitutes on of those:

> . . . . rare situations where it can be clearly predicted by reason of operation of pervasive and explicit state or federal law that these rights will inevitably be denied by very act of bringing defendant to trial in state court. 28 U.S.C.A. § 1443(1).

***Greenwood v. Peacock***, 384 U.S. 808, 828, 83 S.Ct. 1800, 1812, 16 L.Ed.2d 944 (1966).

55.     However, the Judicial Construction of the Civil Rights Removal Statute rapidly transforms this broad check and balance on state power into a little or nothing more than a judicially crafted affirmative action (aka "benignly or affirmatively discriminatory") program for promoting minority rights at the expense of the majority:

> . . . . the phrase 'any law providing for equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality. Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal

under §1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that §1443 demands. As the Court of Appeals for the Second Circuit has concluded, §1443 'applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights.' 'When the removal statute speaks of 'any law providing for equal rights,' it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. §1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.'

***State of Georgia v. Rachel***, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790 (1966).

## **RACIALLY DISCRIMINATORY POLICIES IN NEW JERSEY**

58.     I, the Defendant Charles Edward Lincoln, III, reserve the right to amend my Notice or Counterclaim and Third-Party claims to argue further on this point, if the Court does not accept his argument for the extension and modification of Civil Rights Removal to include non-race-based classes and groups (such as homeowners subject to foreclosures in New Jersey).

59.     I submit that in fact the State of New Jersey does apply and implement its statutory programs in a racially biased manner, against White Anglo-Saxon Protestants such as Lincoln, in particular.

60.     In support of this allegation, Lincoln would point out that February has been designated as both "Black History" and "Hispanic Heritage Months" in the state of New Jersey (**http://www.judiciary.state.nj.us/)**, but no American, much less Anglo-American Heritage months.

61.     By contrast, the original White Anglo-Saxon Protestant Population and historical places and monuments in New Jersey (whose name refers to the largest of the Channel Islands in the English Channel, on the South Coast of England/Great Britain in the United Kingdom) are largely being encircled by Hispanic and Black culture and relegated to forgotten nothingness.

*Notice of Removal, FT171, LLC, v. Mastoris, Lincoln, et al.*                **14**

62.    I have further observed that in the New Jersey Superior Courts and Title Registry Courthouses, there are abundant self-help handouts, pamphlets and signs and instructions in Spanish, but almost none in English.

63.    I further submit that the New Jersey foreclosure courts are taking all steps necessary to effect a rapid population replacement within the state.

64.    In short, although not fully briefed at present, I am prepared to argue that Civil Rights Removal should be permitted on grounds of statewide statutory programs of anti-white racial discrimination.

65.    Since Civil Rights Removals are appealable, in case of another motion for remand, I request in advance, in anticipation, that an evidentiary hearing be scheduled, allowing 60 days notice for limited discovery, before any Motion for Remand be considered or entertained by this Court.

66.    And prior to entering any Order of Remand, I would ask for a trial equivalent to a full hearing on Preliminary Injunction under Rule 65, followed by an order with findings of fact and conclusions of law.

67.    And if any Order of Remand were granted, in that 28 U.S.C. §1447(d) permits an immediate appeal of any remand of a case removed under 28 U.S.C. §1443(1), and since an Order of Remand operates as the equivalent of a final judgment denying an injunction, tried without a jury, I would ask, ***ab initio***, **that this Court plan that any order of remand of this removal should be accompanied by findings under Rule 52:**

> *Rule 52. Findings and Conclusions by the Court; Judgment on Partial Findings*
> (a) Findings and Conclusions.
>    (1) *In General.* In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of

*Notice of Removal, FT171, LLC, v. Mastoris, Lincoln, et al.*          **15**

decision filed by the court. Judgment must be entered under Rule 58

(2) *For an Interlocutory Injunction.* In granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action.

68. Thus, before considering any further remand in this case, I ask this Court to give me opportunity for a full-blown hearing to brief and formally offer and prove up sufficient evidence to support a Preliminary Injunction under Rule 65, after filing this Notice of Removal.

## PRAYER FOR RELIEF

69. I ask this Court to take notice of my Notice of Removal, pursuant both to Civil Rights and Bankruptcy, 28 U.S.C. §§1443(1) & 1452 and to enter a scheduling order allowing filing of counterclaims and third-party claims, leading to final trial in this Court.

70. I ask this court to authorize, pursuant to Rule 26(f), the immediate initiation of discovery in this case as against the Plaintiff FT171, LLC.

71. In addition, I ask this Court to treat my Notice of Removal, if challenged by any party's Motion for Remand, as an Application for Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure and all related law.

72. I pray, in advance, that the Court will give me notice of its intention to hear the Motion for Remand, to schedule oral argument with presentation of evidence, as at any hearing on Application for Preliminary Injunction, and to allow me at least 14 days opportunity to amend this Notice as an Application for Injunctive Relief, followed by at least 60-90 days of preliminary opportunity to conduct both written and oral discovery before a full-blown evidentiary hearing.

*Notice of Removal, FT171, LLC, v. Mastoris, Lincoln, et al.* **16**

Saturday
July 14, 2018
Bastille Day

Respectfully submitted,

By: _____

**Charles Edward Lincoln III**, *pro se*
**Defendant**, *in propria persona*
224 Walnut Street
**New Orleans, Louisiana 70118**
**Telephone: (504) 777-5021**

**E-mail: charles.e.lincoln@gmail.com**

## CERTIFICATE OF SERVICE

I hereby certify that on Saturday, Bastille Day, 14 July 2018, I served a copy of my above-and-foregoing NOTICE OF REMOVAL Pursuant to 28 U.S.C. §§1443(1) & 1452, upon the following attorneys of record for the Plaintiff FT171, LLC.:

Adam Friedman, Esq.,
<afriedman@friedmanvartolo.com>
Catherine Aponte, Esq.
<caponte@friedmanvartolo.com>
Senior Associate
Friedman Vartolo LLP
85 Broad St., Suite 501
New York, New York 10004
(P) 212.471.5176
(F) 212.471.5150

By: _____

**Charles Edward Lincoln III**, *pro se*
**Defendant**, *in propria persona*
224 Walnut Street
**New Orleans, Louisiana 70118**
**Telephone: (504) 777-5021**

**E-mail: charles.e.lincoln@gmail.com**

*Notice of Removal, FT171, LLC, v. Mastoris, Lincoln, et al.*          **17**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS

In re:                                   Case No.: 17-1043

Charles Edward Lincoln III               Section: "A"

            Debtor.                      Chapter 7

---

**Certificate of Service of Objections in Response and Ex-Parte
Motion for Continuance of 09-25-18 Hearing on Motion for Relief
<u>From the Automatic Stay to Permit Service of Discovery</u>**

I certify that I have served a true and correct copy of my combined

Objections in Response and Ex-Parte Motion for Continuance of the

hearing Tuesday September 25, 2017 at 3:00 pm:

(1)    Ms. Amanda George, Trial Attorney for the United States

Department of Justice, Office of the U.S. Trustee, by e-mail to

Amanda.B.George@usdoj.gov;

(2)    Fernand Laudumiey, IV, attorney for the Chapter 7 Trustee Barbara

Rivera-Fulton, also by e-mail to laudumiey@chaffe.com,

**(3)**    and on Cris Jackson, Jackson & McPherson, L.L.C., by e-mail to

**cjackson@jacksonmcpherson.com.**

(4)    As required by Local Rule 9014-1 A. (subparts 1-3), I attempted to

meet and confer with Mr. Jackson and his assistant/associate Tabitha

*Certificate of Service of Objections in Response and Ex-Parte motion for*          1
*Continuance of 09-25-18 Hearing on Motion for Relief From the Automatic*
*Stay and to Permit Discovery and for Leave to File Adversary Action*

Mangano both by e-mail and by telephone on Monday, September 17, 2018, but as of the time of filing never received any response or reply.

(5)     Pursuant to Local Rule 9014-1 A, I had specifically tendered a pre-filing draft of my objections and Ex-Parte Motion along with all exhibits to ask whether they would oppose my Ex-Parte Motion for Continuance, and they did not answer.

Remembering that on this day in 1787, the United States Constitution was signed in Philadelphia, Pennsylvania, I have

Respectfully certified and submitted,

Monday
**CONSTITUTION DAY**
17 September 2018

Charles Edward Lincoln III, Debtor
Telephone: 504-777-5021
*pro se/in propria persona*
1215 Prytania Street, #333
New Orleans, Louisiana 70130

Telephone: (504) 777-5021
E-mail: charles.e.lincoln@gmail.com

*Certificate of Service of Objections in Response and Ex-Parte motion for*     2
*Continuance of 09-25-18 Hearing on Motion for Relief From the Automatic*
*Stay and to Permit Discovery and for Leave to File Adversary Action*