UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>**CHARLES EDWARD LINCOLN, III,**<br><br>Debtor. | CASE NO. 16-12650<br><br>SECTION "A"<br><br>CHAPTER 7 |
| **DAVID W. ASBACH,**<br>    Acting United States Trustee<br>    Plaintiff.<br><br>v.<br><br>**CHARLES EDWARD LINCOLN, III,**<br><br>Defendant. | ADV. PRO. NO. 17-1043 |

### ORDER DENYING DISCHARGE
### AND CLOSING ADVERSARY PROCEEDING

On October 24, 2018, the Application for Consent Order Approving Written Wavier of Debtor's Discharge pursuant to 11 U.S.C. § 727(a)(10), filed by and between David W. Asbach, Acting U. S. Trustee for Region 5 ("the Plaintiff"), and Charles Edward Lincoln, III (the "Defendant"), came before this Court [P-57]. Appearances were made by:

Amanda B. George, counsel for the Acting U.S. Trustee, Plaintiff

Robert L. Marrero, Counsel for Charles E. Lincoln, III, Defendant

Charles E. Lincoln, III, Defendant/Witness

**CONSIDERING** the parties assert and aver that they have reached an accord resolving and settling issues raised by the Plaintiff in his Complaint Objecting to the Defendant's Discharge;

**IT IS ORDERED** that the written Waiver of Discharge of Charles E. Lincoln is **APPROVED** and the Defendant's discharge is **DENIED** pursuant to 11 U.S.C. § 727(a)(10) for all debts incurred up to and including December 22, 2016, including, without limitation, those listed on the Schedules filed by the Defendant pursuant to 11 U.S.C. § 521 and all subsequent amendments.

**IT IS FURTHER ORDERED** that:

a. Should any party or the Court reject this Order for any reason, the parties shall be free to proceed litigating the merits of the case as they see fit.

b. The Defendant agrees to waive all right to appeal or otherwise contest entry of this order approving the waiver of his bankruptcy discharge.

c. Conversion of this proceeding to another chapter of the Bankruptcy Code will not affect the waiver of discharge.

d. The parties acknowledge and agree that the Plaintiff has not made and/or given any other representations, promises, inducements, or rewards, and/or given or promised to give any other consideration of any kind whatsoever to the Defendant or anyone else on his behalf.

e. This Order does not affect the automatic stay and the closure of the main bankruptcy case.

**IT IS FURTHER ORDERED** that the adversary proceeding filed under Adv. Pro. No. 17-1043 shall be closed.

**IT IS FURTHER ORDERED** that counsel for Mover shall serve this order on the required parties who will not receive notice through the ECF system pursuant to the FRBP and the LBRs and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, October 30, 2018.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge